IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Tiesha Lashay Gamble, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 4:25-cv- |
| | § | |
| City of Houston and Peace Officer Mayo, | § | |
| *Defendants*. | § | |

## DEFENDANT CITY OF HOUSTON'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant City of Houston ("Defendant") files this its Notice of Removal. In support of said notice, Defendant would respectfully show the Court as follows:

### I.      Local Rule - 81

1.      Pursuant to Local Rule 81 for the Southern District of Texas, attached are the following:

- Exhibit 1: Plaintiff's Original Petition filed in State Court Action.
- Exhibit 2: Copies of notices of receipt of service of process in the State Court Action as of the date of this Notice of Removal.
- Exhibit 3: Copy of current docket sheet in the State Court Action.
- Exhibit 4: List of all parties of record.
- Exhibit 5: Index of matters being filed.

### II.      STATE COURT ACTION

2.      On or about November 3, 2025, Plaintiff Tiesha Lashay Gamble commenced a civil action in the 165th Judicial District Court of Harris County, Texas, by filing Plaintiff's Original Petition bearing the caption *Tiesha Lashay Gamble v. City of Houston and Peace Officer Mayo.* (Ex. 1.)

3.      Plaintiff's Original Petition raises a federal cause of action, pursuant to 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the U.S. Constitution. (Ex. 1 pg. 4.)

Accordingly, Defendant removes this case and invokes this Court's federal question subject matter jurisdiction.

### III.   GROUNDS FOR REMOVAL

**Federal Question Jurisdiction**

4. The district courts of the United States have original jurisdiction over this action on the federal questions presented in Plaintiff's Original Petition; namely, the alleged violations of 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendment to the U.S. Constitution. (Ex. 1 pg. 4.)

5. Original jurisdiction over such matters is conferred upon federal district courts by 28 U.S.C. §1331, which states that "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. §1331; *see also* 28 U.S.C. §§1441(a)-(b), 1443. In addition to the original jurisdiction granted by 28 U.S.C. §1331, the Court likewise has pendant jurisdiction over all of Plaintiff's state law claims pursuant to 28 U.S.C. §1367. Therefore, removal of this action is proper.

**Venue**

6. Venue is proper in this district and division because the State Court Action is pending in Harris County, Texas, which is located within the Southern District of Texas, Houston Division. *See* 28 U.S.C.§1441(a). Venue is also proper in this district and division under 28 U.S.C. § 1443 because this is a civil action for an act under color of authority derived from a law providing for equal rights and because Plaintiff commenced this proceeding in a State court in this district and division. Additionally, venue is proper in this district and division because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred, if at all, in this judicial district. 28 U.S.C. § 1391(b).

**Removal is Timely**

7.      The City of Houston has 30 days after receipt of the initial pleading setting forth a federal cause of action to file a notice of removal. *See* 28 U.S.C. §1446(b)(1); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68-69 (1996); *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006). Defendant was served with Plaintiff's Original Petition on December 12, 2025. (Ex. 2.) This Notice of Removal is filed within 30 days of Defendant's receipt of Plaintiff's Original Petition and is therefore timely filed under 28 U.S.C. §1446(b)(1).

**Consent Required**

8.      To Defendant's knowledge, Plaintiff has not properly served any other named defendants therefore consent to removal is not required from any other named defendant. 28 U.S.C. § 1446(b)(2)(A). Defendant has fulfilled all procedural requirements to timely remove the State Court Action.

**Notice Given**

9.      Simultaneously with the filing of this removal, notice will be given to Plaintiff and all parties who have appeared via their attorneys of record, if any. Additionally, a copy of this Notice of Removal will be filed with the Clerk of the District of Harris County, Texas in the State Court Action under Cause #2025-83482.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant City of Houston pursuant to these statutes and in conformance with the requirements of 28 U.S.C. §1446, removes this action for trial from the 165th Judicial District Court of Harris County, Texas (Cause #2025-83482) to the United States District Court for the Southern District of Texas, Houston Division.

Respectfully submitted,

**ARTURO G. MICHEL**
**City Attorney**

CHRISTY L. MARTIN
Chief, Torts & Civil Rights Section

Date: January 5, 2026.    By:    /s/ Alexander Garcia
Alexander Garcia
Assistant City Attorney
SBN:  24104429
FBN:  3852904
832.393.6293
Alexander.garcia@houstontx.gov
CITY OF HOUSTON LEGAL DEPARTMENT
900 Bagby, 4th Floor
Houston, Texas 77002
832.393.6259 Facsimile

**ATTORNEYS FOR DEFENDANT
CITY OF HOUSTON**

<u>**CERTIFICATE OF SERVICE**</u>

I certify that, pursuant to Federal Rules of Civil Procedure, a true copy of the instrument

to which this Certificate is attached was duly served upon all parties and counsel of record via

electronic filing in accordance with the Rules of Federal Civil Procedure and District Local Rules,

and alternatively, via email on January 5, 2026, to:

Tiesha Lashay Gamble
7326 Parkes St.
Houston, Texas 77088
832-851-8213
gamble.tiesha@yahoo.com

/s/ Alexander Garcia
Alexander Garcia

4