AO 187 (Rev. 7/87) Exhibit and Witness List

United States Courts
Southern District of Texas
FILED

# UNITED STATES DISTRICT COURT   FEB 2 5 2026

Southern | DISTRICT OF | Texas

Nathan Ochsner, Clerk of Court

Titsha L Gamble

**EXHIBIT AND WITNESS LIST**

V.

City of Houston et.al.

Case Number: 4:26-cv-00049

| PRESIDING JUDGE LEE H Rosenthal | PLAINTIFF'S ATTORNEY Pro se Titsha L Gamble | DEFENDANT'S ATTORNEY Alexander Garcia |
| --- | --- | --- |
| TRIAL DATE (S) | COURT REPORTER | COURTROOM DEPUTY |

| PLF. NO. | DEF. NO. | DATE OFFERED | MARKED | ADMITTED | DESCRIPTION OF EXHIBITS* AND WITNESSES |
| --- | --- | --- | --- | --- | --- |
| A | | 2/25/25 | | | Bond Conditions |
| B | | 2/25/25 | | | Amended Bond Conditions |
| C | | 2/25/25 | | | Family Court orders. |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

* Include a notation as to the location of any exhibit not held with the case file or not available because of size.

Page 1 of ____1____ Pages

Exhibit A

**CAUSE NO. 188010601010**

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 232ND DISTRICT COURT |
| V. | § | |
| GAMBLE, TIESHA | § | HARRIS COUNTY, TEXAS |
| 02743848 | | |
| (SPN) | | |

---

### ORDER FOR PRETRIAL SUPERVISION AND BOND CONDITIONS

---

In addition to appearing in court as instructed, the defendant is **ORDERED** to comply with the following conditions of release on bond. The defendant will be supervised as follows:

- **If released on personal bond or unsecured bond,** the defendant will be supervised by Harris County Pretrial Services (HCPS). The defendant will report to the HCPS Defendant Monitoring Division by <u>August 12, 2024</u> and comply with the rules on the Supervision Requirements form and the conditions indicated below until the case is disposed or until the court terminates this supervision. If released on a personal bond, the defendant will pay a personal bond fee of:
  - ☐ $_____; or
  - ☐ Personal bond fee waived.

- **If released on surety bond or cash bond,** the defendant will be supervised by Harris County Community Supervision and Corrections (HCCSCD). The defendant will report in person to the HCCSCD Bond Supervision Unit beginning and thereafter as directed by the supervision officer until the case is disposed or until the court terminates this supervision. If the defendant does not have a current Texas Driver's License or other valid official government-issued photo identification, the defendant will pay a $12.50 fee to HCCSCD for an ID Card. The defendant will pay to and through HCCSCD a supervision fee of:
  - ☐ $60.00 per month and a $2.00 transaction fee for each payment; or
  - ☐ $40.00 per month and a $2.00 transaction fee for each payment.

**Additional conditions (mark those that apply):**

☒ Defendant shall personally appear in court, on time, every time this case is set on the Court's docket.

☒ Defendant shall commit no crime and shall not engage in any conduct that could result in his/her arrest.

☐ Defendant shall have no contact with the prosecution's witness(s) / the complainant(s) / the victim(s), specifically:

_____

☐ Defendant shall refrain from going to or within _____ feet of a residence, school, place of employment, or other location, specifically: _____

☒ Defendant shall have no threatening, harassing or assaultive contact with the prosecution's witness(s) / the complainant(s)/ the victim(s), specifically: <u>P.W. AND CHARLES WILLIAMS</u>

☐ Defendant shall not operate a motor vehicle unless it is equipped with a camera-equipped, deep-lung breath analysis mechanism approved by the Texas Department of Public Safety that makes impractical the operation of a motor vehicle if ethyl alcohol is detected in his/her breath. Defendant shall have the device installed on the vehicle owned or most regularly driven by the defendant within **7** calendar days of the defendant's release on bond. Defendant must comply with all required equipment and maintenance service, and to comply with testing protocols. **For HCPS only:** ☐ Monitoring fee waived.

☐ Defendant is required to obtain an approved portable alcohol testing device from a vendor approved by the supervising agency and to begin its use within _____ calendar days, to comply with all required equipment and maintenance services, and to comply with testing protocols.

☐ Defendant is required to submit to ☐ drug / ☐ alcohol / ☐ drug and alcohol testing by authorized agency personnel.

    **HCPS:**    ☐ Defendant to pay costs of ☐ $11.00 per test / ☐ $_____ per test / ☐ waived.

    **HCCSCD:**  ☐ Defendant to pay drug testing fee of $10.00 monthly.

☐ Defendant shall not drive without the permission of the court.

☐ Defendant is to surrender his/her passport for temporary deposit with the Treasurer or Registry of the Court, as instructed by the supervising agency, and provide the agency with proof of that surrender.

☐ Defendant's travel is restricted as follows:

    ☐ **Remain within the State of Texas.** A request to travel outside the State of Texas must be submitted to your supervising officer at least two business days prior to your travel date.

    ☐ **Remain within Harris County, Texas, and its contiguous counties** (Brazoria, Chambers, Fort Bend, Galveston, Liberty, Montgomery, and Waller). A request to travel outside these counties must be submitted to your supervising officer at least two business days prior to your planned travel date.

☒ Defendant must not use, possess, or consume marijuana or any controlled substance or dangerous drug unless obtained pursuant to a lawful prescription for the defendant issued by a medical doctor. Defendant will provide a copy of all such prescriptions to his supervising officer in advance.

☒ The Defendant must not use or possess a firearm. **(Check this box only if the offense involves an Assault Family Member or an offense where a weapon has been alleged)**

☐ The Defendant shall observe an initial curfew from _____ until _____, seven days per week.

☒ Facts giving rise to probable cause suggest that alcohol was a factor in this offense. Defendant must not use, possess, or consume alcohol. This includes any food, mouthwash, or over-the-counter medication containing alcohol.

☐ Defendant is required to submit to ☐ electronic monitoring (EM) / ☐ GPS monitoring, to be installed within _____ calendar days of the defendant's release on bond. Defendant must sign any required agreements, comply with all required equipment and maintenance services, and comply with monitoring protocols, as instructed by the supervising agency. Defendant will observe an initial curfew from _____ until _____, seven days per week.

    **HCPS:**    ☐ Defendant to pay monitoring costs of ☐ $6.00 per day / ☐ waived.

    **HCCSCD:**  ☐ Defendant to pay all necessary fees and costs directly to the electronic monitoring vendor.

☒ Other: <u>NO DEADLY WEAPONS, INCLUDING KNIVES, FIREARMS, (REAL, IMPROVISED, PRINTED, AND/OR SIMULATED), AND/OR AMMUNITION</u>

<u>ANY CONTACT WITH P.W. AND CHARLES WILLIAMS MUST COMPLY WITH CPS OR CIVIL/FAMILY COURT ORDERS</u>

Failure to abide by these bond conditions may result in the Defendant's bond being forfeited or revoked and the Defendant arrested and confined. In addition, the Court has the authority to oversee the enforcement of its Orders, require that proceedings before it be conducted in an orderly and expeditious manner, and to ensure justice is done. *See* Tex. Gov't Code §21.001. Disobeying this

Order could also constitute contempt, which is punishable by a maximum penalty of a fine of not more than $500.00, confinement in jail for up to six months, or both.

**Dated:** **Judge/Magistrate Signature:** _____

### Defendant's Acknowledgment

I understand that the court is ordering my compliance with the conditions listed above as a requirement of my continued release on bond. I agree to these conditions. I understand that my failure to comply with these conditions may result in the forfeiture or revocation of my bond and confinement, and possibly a separate action against me for contempt of court for which I could be separately fined and jailed as detailed above.

**Dated:** <u>August 12, 2024</u>      **Defendant's Signature:** _____

EXHIBIT B

## CAUSE NO. <u>188010601010</u>

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE <u>232nd</u> DISTRICT COURT |
| v. | § | HARRIS COUNTY, TEXAS |
| <u>GAMBLE, TIESHA</u><br>DEFENDANT | § | |

<u>02743848</u>
SPN

---

### <u>FIRST</u> AMENDED ORDER FOR PRETRIAL SUPERVISION AND BOND CONDITIONS

---

In addition to appearing in court as instructed, the defendant is **ORDERED** to comply with the following conditions of release on bond. The defendant will be supervised by Harris County Pretrial Services (HCPS). The defendant will report to the HCPS Defendant Monitoring Division by <u>December 2, 2024</u> and comply with the rules on the Supervision Requirements form and the conditions indicated below until the case is disposed or until the court terminates this supervision. If released on a personal bond, the defendant will pay a personal bond fee of:

☐  $ _____ ; or
☐  Personal bond fee waived.

**Additional conditions (mark those that apply):**

☒  Defendant shall personally appear in court, on time, every time this case is set on the Court's docket, unless the Judge waives the appearance.

☒  Defendant shall commit no crime and shall not engage in any conduct that could result in his/her arrest.

☐  Defendant shall have no contact with the prosecution's witness(s) / the complainant(s) / the victim(s), specifically:

_____

☐  Defendant shall refrain from going to or within _____ feet of a residence, school, place of employment, or other location, specifically: _____

☒  Defendant shall have no threatening, harassing or assaultive contact with the prosecution's witness(s) / the complainant(s) / the victim(s), specifically: <u>P.W. AND CHARLES WILLIAMS</u>

☐  Defendant shall not operate a motor vehicle unless it is equipped with a camera-equipped, deep-lung breath analysis mechanism approved by the Texas Department of Public Safety that makes impractical the operation of a motor vehicle if ethyl alcohol is detected in his/her breath. Defendant shall have the device installed on the vehicle owned or most regularly driven by the defendant within _____ calendar days of the defendant's release on bond. Defendant must comply with all required equipment and maintenance service, and to comply with testing protocols. ☐ Monitoring fee waived.

☐  Defendant is required to obtain an approved portable alcohol testing device from a vendor approved by the supervising agency and to begin its use within _____ calendar days, to comply with all required equipment and maintenance services, and to comply with testing protocols.

☐  Defendant is required to submit to ☐ drug / ☐ alcohol / ☐ drug and alcohol testing by authorized agency personnel.

    **HCPS:**    ☐ Defendant to pay costs of ☐ $11.00 per test / ☐ $_____ per test / ☐ waived.

☐  Defendant shall not drive without the permission of the court.

☐ Defendant is to surrender his/her passport for temporary deposit with the Treasurer or Registry of the Court, as instructed by the supervising agency, and provide the agency with proof of that surrender.

☐ Defendant's travel is restricted as follows:

    ☐ **Remain within the State of Texas.** A request to travel outside the State of Texas must be submitted to your supervising officer at least two business days prior to your travel date.

    ☐ **Remain within Harris County, Texas, and its contiguous counties** (Brazoria, Chambers, Fort Bend, Galveston, Liberty, Montgomery, and Waller). A request to travel outside these counties must be submitted to your supervising officer at least two business days prior to your planned travel date.

☒ Defendant must not use, possess, or consume marijuana or any controlled substance or dangerous drug unless obtained pursuant to a lawful prescription for the defendant issued by a medical doctor. Defendant will provide a copy of all such prescriptions to his supervising officer in advance.

☒ The Defendant must not use or possess a firearm.

☒ Facts giving rise to probable cause suggest that alcohol was a factor in this offense. Defendant must not use, possess, or consume alcohol. This includes any food, mouthwash, or over-the-counter medication containing alcohol.

☐ Defendant is required to submit to ☐ electronic monitoring (EM) / ☐ GPS monitoring, to be installed within _____ calendar days of the defendant's release on bond. Defendant must sign any required agreements, comply with all required equipment and maintenance services, and comply with monitoring protocols, as instructed by the supervising agency.

    **HCPS:**    ☐ Defendant to pay monitoring costs of ☐ $6.00 per day / ☐ waived.

☐ The Defendant shall observe an initial curfew from _____ until _____, seven days per week.

☒ Other: ANY CONTACT DEFENDANT HAS WITH P.W. AND CHARLES WILLIAMS MUST BE IN COMPLIANCE WITH GPS AND FAMILY/CIVIL COURT ORDERS

ALL IN-PERSON CONTACT DEFENDANT HAS WITH P.W. AND CHARLES WILLIAMS MUST BE SUPERVISED

<u>NO DEADLY WEAPONS, INCLUDING KNIVES, FIREARMS, (REAL, IMPROVISED, PRINTED, AND/OR SIMULATED), AND/OR AMMUNITION</u>

<u>THE DEFENDANT, HAVING BEEN ARRESTED FOR AN OFFENSE PUNISHABLE AS A FELONY, MUST PROVIDE TO A LOCAL LAW ENFORCEMENT AGENCY ONE OR MORE SPECIMENS FOR THE PURPOSE OF CREATING A DNA RECORD</u>

Failure to abide by these bond conditions may result in the Defendant's bond being forfeited or revoked and the Defendant arrested and confined. In addition, the Court has the authority to oversee the enforcement of its Orders, require that proceedings before it be conducted in an orderly and expeditious manner, and to ensure justice is done. *See* TEX. GOV'T CODE §21.001. Disobeying this Order could also constitute contempt, which is punishable by a maximum penalty of a fine of not more than $500.00, confinement in jail for up to six months, or both.

**Dated:**               **Judge/Magistrate Signature:** _____

**Defendant's Acknowledgment**

I understand that the court is ordering my compliance with the conditions listed above as a requirement of my continued release on bond. I agree to these conditions. I understand that my failure to comply with these conditions may result in the forfeiture or revocation of my bond and confinement, and possibly a separate action against me for contempt of court for which I could be separately fined and jailed as detailed above.



1/29/2016 12:07:16 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 8861160
By: System User, eFiling
Filed: 1/29/2016 12:07:16 PM

*Exhibit C*

## 2016-05934 / Court: 246

Pgs-28

DC
8C

**NOTICE: THIS DOCUMENT CONTAINS SENSITIVE DATA**
NCP Name:    *CHARLES EDWARD WILLIAMS III*
CP Name:    *TIESHA LASHAY GAMBLE*
OAG Number: **0012794413**
LAC:  **AOPR**

CAUSE NUMBER _____

| | | |
|---|---|---|
| IN THE INTEREST OF | § | IN THE *257 TH JUDICIAL COURT* |
| *PARIS LA'VERN WILLIAMS* | § | COURT OF |
| A CHILD | § | *HARRIS* COUNTY, TEXAS |

### Non Agreed CHILD SUPPORT REVIEW ORDER
(Suit Affecting The Parent-Child Relationship-AOP)

On the *12th* day of *January*, *2016*, a negotiation conference was held pursuant to Texas Family Code Chapter 233.

The ATTORNEY GENERAL OF TEXAS appeared by a duly authorized representative.

*TIESHA LASHAY GAMBLE, mother* of the child, hereinafter referred to as Obligee,

☑ appeared in person (PRO SE);

☐ appeared by means of _____;

☑ agreed to the entry of these orders as evidenced by her signature;

☐ although duly notified, did not appear.

*CHARLES EDWARD WILLIAMS III, father* of the child, hereinafter referred to as Obligor,

☐ appeared in person (and by attorney _____);

☐ appeared by means of _____;

☐ agreed to the entry of these orders as evidenced by his signature;

☑ although duly notified, did not appear.

The following agreements and/or findings are the result of the negotiation conference.

It is FOUND that the Court has jurisdiction of the parties and the subject matter of this suit, and that the following orders are in the best interest of the child.

CHILD SUPPORT REVIEW ORDER (SAPCR-AOP)                    PAGE ___1___ OF _28_

Certified Document Number: 70652716 - Page 2 of 28

| Child(ren)'s Name | DOB | SSN |
|---|---|---|
| PARIS LA'VERN WILLIAMS | 7/7/2010 | xxx-xx-... |

## ACKNOWLEDGMENT OF PATERNITY

The parent-child relationship was established between *CHARLES EDWARD WILLIAMS III* and PARIS LA'VERN WILLIAMS when a properly executed Acknowledgment(s) of Paternity was filed with the Vital Statistics Unit pursuant to Texas Family Code, Chapter 160.

It is FOUND that *CHARLES EDWARD WILLIAMS III*, the *father* of the child, has a duty of support.

## CONSERVATORS

*TIESHA LASHAY GAMBLE* and *CHARLES EDWARD WILLIAMS III* are appointed Joint Managing Conservators of the child.

Each parent appointed as a conservator of the child has at all times the following rights and duties of a parent:

a.  to receive information from any other conservator of the child concerning the health, education, and welfare of the child;

b.  to confer with the other parent before making a decision concerning the health, education, and welfare of the child;

c.  of access to medical, dental, psychological and educational records of the child;

d.  to consult with any physician, dentist, or psychologist of the child;

e.  to consult with school officials concerning the child's welfare and educational status, including school activities;

f.  to attend school activities;

g.  to be designated on any records as a person to be notified in case of an emergency;

h.  to consent to medical, dental, and surgical treatment during an emergency involving an immediate danger to the health and safety of the child;

i.  to inform the other conservator of the child(ren) as soon as practicable but not later than the timeframe required under Texas Family Code § 153.076 (c-1) if the conservator:

CHILD SUPPORT REVIEW ORDER (SAPCR-AOP)                    PAGE 8 OF 28

i.  establishes a residence with a person who the conservator knows is the subject of a final protective order sought by an individual other than the conservator that is in effect on the date the residence with the person is established,

ii.  resides with, or allows unsupervised access to a child by, a person who is the subject of a final protective order sought by the conservator after the expiration of the 60-day period following the date the final protective order is issued; or

iii.  is the subject of a final protective order issued after the date of the order establishing conservatorship;

j.  to manage the estate of the child to the extent the estate has been created by the parent or the parent's family; and

k.  the right to inherit from and through the child.

*TIESHA LASHAY GAMBLE* is designated as the conservator with

a.  the exclusive right to designate the primary residence of the child and

[ X ]  maintain the child's primary residence in *HARRIS* or any contiguous county;

[ ]  may determine the child's primary residence without regard to geographic location;

b.  the duty, except when a guardian of the child 's estate has been appointed, to manage the estate of the child, including the right as an agent of the child to act in relation to the child's estate if the children's action is required by a state, the United States, or a foreign government;

c.  the right to the services and earnings of the child;

d.  the right to consent to marriage and to enlistment in the armed forces of the United States;

e.  the right to consent to medical, dental, and surgical treatment involving invasive procedures;

f.  the right to consent to psychiatric and psychological treatment;

g.  the power to represent the child in legal action and to make other decisions of substantial legal significance concerning the child;

h.  the right and power to receive and give receipt for periodic payments for the support of the child and to hold or disburse these funds for the benefit of the child;

i.  the right to make decisions concerning the child's education.

Unless limited by court order, each parent appointed as a conservator of the child retains the following rights and duties during the period the parent has possession of the child:

a.  the duty of care, control, protection, and reasonable discipline of the child;

b.  the duty to support the child, including providing the child with clothing, food, shelter, and medical and dental care and education;

c.  the right to consent for the child to medical and dental care not involving an invasive procedure; and

d.  the right to direct the moral and religious training of the child.

CHILD SUPPORT REVIEW ORDER (SAPCR-AOP)                                    PAGE 3 OF 28

## NOTICE TO PEACE OFFICER

NOTICE TO ANY PEACE OFFICER OF THE STATE OF TEXAS:  YOU MAY USE REASONABLE EFFORTS TO ENFORCE THE TERMS OF CHILD CUSTODY SPECIFIED IN THIS ORDER.  A PEACE OFFICER WHO RELIES ON THE TERMS OF A COURT ORDER AND THE OFFICER'S AGENCY ARE ENTITLED TO THE APPLICABLE IMMUNITY AGAINST ANY CLAIM, CIVIL OR OTHERWISE, REGARDING THE OFFICER'S GOOD FAITH ACTS PERFORMED IN THE SCOPE OF THE OFFICER'S DUTIES IN ENFORCING THE TERMS OF THE ORDER THAT RELATE TO CHILD CUSTODY.  ANY PERSON WHO KNOWINGLY PRESENTS FOR ENFORCEMENT AN ORDER THAT IS INVALID OR NO LONGER IN EFFECT COMMITS AN OFFENSE THAT MAY BE PUNISHABLE BY CONFINEMENT IN JAIL FOR AS LONG AS TWO YEARS AND A FINE OF AS MUCH AS $10,000.

## POSSESSION AND ACCESS

Pursuant to Texas Family Code Chapter 153, *CHARLES EDWARD WILLIAMS III* and *TIESHA LASHAY GAMBLE* are ORDERED to review and follow the possession and access schedule that is attached to this order and incorporated by reference.

CHILD SUPPORT REVIEW ORDER (SAPCR-AOP)                                    PAGE 4 OF 28

Certified Document Number: 70652716 - Page 4 of 28

## POSSESSION AND ACCESS ORDER

ELECTIONS REGARDING ALTERNATE BEGINNING AND ENDING PERIODS OF POSSESSION ARE
REQUIRED TO BE MADE AT THE TIME OF THIS ORDER.

### DEFINITIONS

**Child:** The term "child" refers to the child or children of the parties who are the subjects of this suit and shall include the plural form whenever appropriate to the context.

**School:** The term "school" refers to the elementary or secondary school in which the child is enrolled, or, if the child is not enrolled in an elementary or secondary school, the public school district in which the child primarily resides.

It is ORDERED that the parents may have possession of the child at any and all times mutually agreed to in advance and, in the absence of mutual agreement, it is ORDERED that they shall have possession of the child as follows:

### PARENTS WHO RESIDE 100 MILES OR LESS APART

Except as otherwise explicitly provided, if *CHARLES EDWARD WILLIAMS III* resides 100 miles or less from the primary residence of the child, the parents shall have the rights to possession of the child as follows:

**Weekends:**

*CHARLES EDWARD WILLIAMS III* shall have the right to possession of the child on weekends throughout the year beginning at:

(CHOOSE ONE.)

   X   6:00 p.m. on the first, third and fifth Friday of each month

   ___   the time the child's school is regularly dismissed on the first, third and fifth Friday of each month

and ending at:

(CHOOSE ONE)

   X   6:00 p.m. on the following Sunday

   ___   the time school resumes after the weekend

Except as otherwise explicitly provided herein, if a weekend period of possession of *CHARLES EDWARD WILLIAMS III* coincides with a student holiday or teacher in-service day that falls on a Monday during the regular school

CHILD SUPPORT REVIEW ORDER (SAPCR-AOP)          PAGE 5 of 28

Certified Document Number: 70652716 - Page 5 of 28

term, as determined by the school in which the child is enrolled, or with a federal, state, or local holiday that falls on a Monday during the summer months in which school is not in session, the weekend possession shall end at:

(CHOOSE ONE)

X   6:00 p.m. on Monday

___   the time school resumes after the weekend

Except as otherwise explicitly provided herein, if a weekend period of possession of *CHARLES EDWARD WILLIAMS III* coincides with a student holiday or teacher in-service day that falls on a Friday during the regular school term, as determined by the school in which the child is enrolled, or with a federal, state, or local holiday that falls on a Friday during the summer months in which school is not in session, the weekend possession shall begin at:

(CHOOSE ONE)

X   6:00 p.m. on Thursday

___   the time school is regularly dismissed on Thursday

**Thursdays:**

*CHARLES EDWARD WILLIAMS III* shall have the right to possession of the child on Thursdays of each week during the regular school term

beginning at:

(CHOOSE ONE)

X   6:00 p.m.

___   the time the child's school is regularly dismissed

and ending at:

(CHOOSE ONE)

X   8:00 p.m.

___   the time the child's school resumes on Friday

**Spring Vacation:**

*CHARLES EDWARD WILLIAMS III* shall have possession of the child in even-numbered years

beginning at:

(CHOOSE ONE)

X   6:00 p.m. on the day the child is dismissed from school for the school's spring vacation

CHILD SUPPORT REVIEW ORDER (SAPCR-AOP)                    PAGE 4 OF 28

___ the time and on the day the child is dismissed from school for the school's spring vacation and ending at:

(CHOOSE ONE)

X   6:00 p.m. on the day before school resumes after that vacation

___ the time and on the day school resumes after the school's spring vacation

*TIESHA LASHAY GAMBLE* shall have possession for the same period in odd-numbered years.

**Summer Vacation:**

If *CHARLES EDWARD WILLIAMS III* gives *TIESHA LASHAY GAMBLE* written notice by April 1 of each year specifying an extended period or periods of summer possession, *CHARLES EDWARD WILLIAMS III* shall have possession of the child for thirty days beginning not earlier than the day after the child's school is dismissed for the summer vacation and ending not later than seven days before school resumes at the end of the summer vacation, to be exercised in no more than two separate periods of at least seven consecutive days each, with each period of possession beginning and ending at 6:00 p.m. on each applicable day.

If *CHARLES EDWARD WILLIAMS III* does not give *TIESHA LASHAY GAMBLE* written notice by April 1 of each year specifying an extended period or periods of summer possession, *CHARLES EDWARD WILLIAMS III* shall have possession of the child for thirty consecutive days beginning at 6:00 p.m. on July 1 and ending at 6:00 p.m. on July 31.

Furthermore, if *TIESHA LASHAY GAMBLE* gives *CHARLES EDWARD WILLIAMS III* written notice by April 15 of each year, *TIESHA LASHAY GAMBLE* shall have possession of the child on any one weekend beginning Friday at 6:00 p.m. and ending at 6:00 p.m. on the following Sunday during any one extended period of summer possession by *CHARLES EDWARD WILLIAMS III*, provided that *TIESHA LASHAY GAMBLE* picks up the child from *CHARLES EDWARD WILLIAMS III* and returns the child to that same place.

Furthermore, if *TIESHA LASHAY GAMBLE* gives *CHARLES EDWARD WILLIAMS III* written notice by April 15 of each year or gives *CHARLES EDWARD WILLIAMS III* 14 days written notice on or after April 16 of each year, *TIESHA LASHAY GAMBLE* may designate one weekend beginning not earlier than the day after the child's school is dismissed for the summer vacation and ending not later than seven days before school resumes at the end of the summer vacation, during which an otherwise scheduled weekend period of possession by *CHARLES EDWARD WILLIAMS III* will not take place, provided that the weekend so designated does not interfere with *CHARLES EDWARD WILLIAMS III*'s period or periods of extended summer possession or with Father's Day if *CHARLES EDWARD WILLIAMS III* is the father of the child.

CHILD SUPPORT REVIEW ORDER (SAPCR-AOP)                                   PAGE 7 of 28

Certified Document Number: 70652716 - Page 7 of 28

## PARENTS WHO RESIDE OVER 100 MILES APART

Except as otherwise explicitly provided, if *CHARLES EDWARD WILLIAMS III* resides more than 100 miles from the residence of the child, the parents shall have the rights to possession of the child as follows:

**Weekends:**

*CHARLES EDWARD WILLIAMS III* shall have the right to possession of the child

    (CHOOSE ONE)

    __X__   not more than one weekend per month of *CHARLES EDWARD WILLIAMS III's* choice

    beginning at:

        (CHOOSE ONE)

        __X__   6:00 p.m. on the day school recesses for the weekend

        ____   the time the child's school is regularly dismissed for the weekend

    and ending at:

        (CHOOSE ONE)

        __X__   6:00 p.m. on the day before school resumes after the weekend

        ____   the time the child's school resumes after the weekend

    provided that *CHARLES EDWARD WILLIAMS III* gives *TIESHA LASHAY GAMBLE* fourteen days written or telephonic notice preceding a designated weekend.

    ____  on weekends throughout the year

    beginning at:

        (CHOOSE ONE)

        ____   6:00 p.m. on the first, third and fifth Friday of each month

        ____   the time the child's school is regularly dismissed on the first, third and fifth Friday of each month

    and ending at:

        (CHOOSE ONE)

        ____   6:00 p.m. on the following Sunday

        ____   the time school resumes

**NOTE:**    If the parties begin residing over 100 miles apart after rendition of this order, *CHARLES EDWARD WILLIAMS III* may elect this alternative period of possession by written notice to *TIESHA LASHAY GAMBLE* within ninety days after the parties began to reside more than 100 miles apart. *CHARLES EDWARD WILLIAMS III*

CHILD SUPPORT REVIEW ORDER (SAPCR-AOP)                PAGE 8 OF 28

Certified Document Number: 70652716 - Page 8 of 28

may not designate weekend possession under this section that conflicts with the other provisions in this order concerning possession of the child during Christmas, Thanksgiving, the child's birthday, Father's Day weekend, or Mother's Day weekend.

If a weekend period of possession of *CHARLES EDWARD WILLIAMS III* coincides with a student holiday or teacher in-service day that falls on a Monday during the regular school term, as determined by the school in which the child is enrolled, or with a federal, state, or local holiday that falls on a Monday during the summer months in which school is not in session, the weekend possession shall end at 6:00 p.m. on Monday.

If a weekend period of possession of *CHARLES EDWARD WILLIAMS III* coincides with a student holiday or teacher in-service day that falls on a Friday during the regular school term, as determined by the school in which the child is enrolled, or with a federal, state, or local holiday that falls on a Friday during the summer months in which school is not in session, the weekend possession shall begin at 6:00 p.m. on Thursday.

**Spring Vacation:**

*CHARLES EDWARD WILLIAMS III* shall have possession of the child every year beginning at:

(CHOOSE ONE)

   X   6:00 p.m. on the day the child is dismissed from school for the school's spring vacation

   ___   the time and on the day the child is dismissed from school for the school's spring vacation

and ending at:

(CHOOSE ONE)

   X   6:00 p.m. on the day before school resumes after that vacation

   ___   the time and on the day school resumes after the school's spring vacation

**Summer Vacation:**

If *CHARLES EDWARD WILLIAMS III* gives *TIESHA LASHAY GAMBLE* written notice by April 1 of each year specifying an extended period or periods of summer possession, *CHARLES EDWARD WILLIAMS III* shall have possession of the child for forty-two days beginning not earlier than the day after the child's school is dismissed for the summer vacation and ending not later than seven days before school resumes at the end of the summer vacation, to be exercised in not more than two separate periods of at least seven consecutive days each, with each period of possession beginning and ending at 6:00 p.m. on each applicable day.

Certified Document Number: 70652716 - Page 9 of 28

If *CHARLES EDWARD WILLIAMS III* does not give *TIESHA LASHAY GAMBLE* written notice by April 1 of each year specifying an extended period or periods of summer possession, *CHARLES EDWARD WILLIAMS III* shall have possession of the child for forty-two consecutive days beginning at 6:00 p.m. on June 15 and ending at 6:00 p.m. on July 27.

Further, if *TIESHA LASHAY GAMBLE* gives *CHARLES EDWARD WILLIAMS III* written notice by April 15 of each year, *TIESHA LASHAY GAMBLE* shall have possession of the child on any one weekend beginning at 6:00 p.m. Friday and ending at 6:00 p.m. on the following Sunday during any one extended period of summer possession by *CHARLES EDWARD WILLIAMS III*, provided that if a period of possession by *CHARLES EDWARD WILLIAMS III* exceeds thirty days, *TIESHA LASHAY GAMBLE* may have possession of the child under the terms of this subdivision on any two non-consecutive weekends during that time period, and further provided that *TIESHA LASHAY GAMBLE* picks up the child from *CHARLES EDWARD WILLIAMS III* and returns the child to that same place.

If *TIESHA LASHAY GAMBLE* gives *CHARLES EDWARD WILLIAMS III* written notice by April 15 of each year, *TIESHA LASHAY GAMBLE* may designate twenty-one days beginning not earlier than the day after the child's school is dismissed for the summer vacation and ending not later than seven days before school resumes at the end of the summer vacation, to be exercised in not more than two separate periods of at least seven consecutive days each, with each period of possession beginning and ending at 6:00 p.m. on each applicable day, during which *CHARLES EDWARD WILLIAMS III* may not have possession of the child, provided that the period or periods so designated do not interfere with *CHARLES EDWARD WILLIAMS III's* period or periods of extended summer possession or with Father's Day if *CHARLES EDWARD WILLIAMS III* is the father of the child.

Certified Document Number: 70652716 - Page 10 of 28

## ALL PARENTS IRRESPECTIVE OF THE DISTANCE BETWEEN THEIR RESIDENCES

Irrespective of the distance between the residence of *CHARLES EDWARD WILLIAMS III* and the primary residence of the child, the parents shall have the rights to possession of the child as follows:

**Christmas:**
*CHARLES EDWARD WILLIAMS III* shall have possession of the child in even-numbered years beginning at:

(CHOOSE ONE)

   X   6:00 p.m. on the day the child is dismissed from school for the school's Christmas vacation

   ___   the time and on the day the child is dismissed from school for the school's Christmas vacation

and ending at:

   X   noon on December 28th

*TIESHA LASHAY GAMBLE* shall have possession for the same period in odd-numbered years.

*CHARLES EDWARD WILLIAMS III* shall have possession of the child in odd-numbered years beginning at:

   X   noon on December 28th

and ending at:

(CHOOSE ONE)

   X   6:00 p.m. on the day before school resumes after the school's Christmas vacation

   ___   the time and on the day school resumes after the school's Christmas vacation

*TIESHA LASHAY GAMBLE* shall have possession for the same period in even-numbered years.

**Thanksgiving:**
*CHARLES EDWARD WILLIAMS III* shall have possession of the child in odd-numbered years beginning at:

(CHOOSE ONE)

   X   6:00 p.m. on the day the child is dismissed from school before Thanksgiving

   ___   the time the child is dismissed for the Thanksgiving holiday

and ending at:

   X   6:00 p.m. on the following Sunday

CHILD SUPPORT REVIEW ORDER (SAPCR-AOP)               PAGE 11 OF 26

Certified Document Number: 70652716 - Page 11 of 28

_____ the time and on the day school resumes after the school's Thanksgiving vacation

*TIESHA LASHAY GAMBLE* shall have possession for the same period in even-numbered years.

**Child's Birthday:**

The parent not otherwise entitled under this order to present possession of a child on the child's birthday shall have possession of the child beginning at 6:00 p.m. and ending at 8:00 p.m. on that day, provided that said parent picks up the child from the residence of the conservator entitled to possession and returns the child to that same place.

**Father's Day:**

If the father is a conservator, the father shall have possession of the child beginning at:

   X   6:00 p.m. on the Friday preceding Father's Day

and ending at:

   (CHOOSE ONE)

   X   6:00 p.m. on Father's Day, provided that, if he is not otherwise entitled under this order to present possession of the child, he picks up the child from the residence of the conservator entitled to possession and returns the child to that same place

   _____ 8:00 a.m. on the Monday following Father's Day weekend

**Mother's Day:**

If the mother is a conservator, the mother shall have possession of the child beginning at:

   (CHOOSE ONE)

   X   6:00 p.m. on the Friday preceding Mother's Day

   _____ The time the child's school is regularly dismissed on the Friday preceding Mother's Day

and ending at

   (CHOOSE ONE)

   X   6:00 p.m. on Mother's Day, provided that, if she is not otherwise entitled under this order to present possession of the child, she picks up the child from the residence of the conservator entitled to possession and returns the child to the same place

   _____ the time the child's school resumes after Mother's Day

CHILD SUPPORT REVIEW ORDER (SAPCR-AOP)                          PAGE 12 OF 28

Certified Document Number: 70652716 - Page 12 of 28

## GENERAL TERMS AND CONDITIONS

Except as otherwise explicitly provided, terms and conditions of possession of the child that apply irrespective of the distance between the residence of *CHARLES EDWARD WILLIAMS III* and the primary residence of the child are as follows:

The provisions for possession of the child during Christmas, Thanksgiving, Spring Vacation, Summer Vacation, the child's birthday, Father's day, and Mother's day supersede any conflicting weekend or Thursday periods of possession.

Written notice, including notice provided by electronic mail or facsimile, shall be deemed to have been timely given if received or, if applicable, postmarked before or at the time that notice is due.

*TIESHA LASHAY GAMBLE* shall:

(CHOOSE ONE)

   X     surrender the child to *CHARLES EDWARD WILLIAMS III* at the beginning of each period of *CHARLES EDWARD WILLIAMS III's* possession at *TIESHA LASHAY GAMBLE's* residence. If *CHARLES EDWARD WILLIAMS III* elects to begin a period of possession at the time the child's school is regularly dismissed, *TIESHA LASHAY GAMBLE* shall surrender the child to *CHARLES EDWARD WILLIAMS III* at the beginning of each such period of possession at the school in which the child is enrolled.

   ___     surrender the child to *CHARLES EDWARD WILLIAMS III* at the beginning of each period of possession at

_____

*CHARLES EDWARD WILLIAMS III* shall:

(CHOOSE ONE)

   ___     surrender the child to *TIESHA LASHAY GAMBLE* at the end of each period of possession at the residence of *CHARLES EDWARD WILLIAMS III*

   X     return the child to the residence of *TIESHA LASHAY GAMBLE* at the end of the period of possession, except that if *CHARLES EDWARD WILLIAMS III's* county of domicile remains the same after the rendition of this order and if *TIESHA LASHAY GAMBLE's* county of domicile should change, effective on the date of the change of domicile by *TIESHA LASHAY GAMBLE*, *CHARLES EDWARD WILLIAMS III* shall surrender the child to *TIESHA LASHAY GAMBLE* at the end of each period of possession at the residence of *CHARLES EDWARD WILLIAMS III*. If *CHARLES EDWARD WILLIAMS III* elects to end a period of possession at the time the child's school resumes, *CHARLES EDWARD WILLIAMS III* shall surrender the child to *TIESHA LASHAY GAMBLE* at the school in which the child is enrolled

CHILD SUPPORT REVIEW ORDER (SAPCR-AOP)                        PAGE 13 OF 28

Certified Document Number: 70652716 - Page 13 of 28

___  surrender the child to *TIESHA LASHAY GAMBLE* at the end of each period of possession at

_____.

Each conservator shall return with the child the personal effects that the child brought at the beginning of the period of possession.

Either parent may designate any competent adult to pick up and return the child, as applicable. A parent or a designated competent adult shall be present when the child is picked up or returned.

A parent shall give notice to the person in possession of the child on each occasion that the parent will be unable to exercise that parent's right of possession for any specified period. Repeated failure of a parent to give notice of an inability to exercise possessory rights may be considered as a factor in a modification of those possessory rights.

If a conservator's time of possession of a child ends at the time school resumes and for any reason the child is not or will not be returned to school, the conservator in possession of the child shall immediately notify the school and the other conservator that the child will not be or has not been returned to school.

Certified Document Number: 70652716 - Page 14 of 28

## FINDINGS REGARDING MEDICAL SUPPORT AND CHILD SUPPORT OBLIGATIONS

It is FOUND:

*CHARLES EDWARD WILLIAMS III's* gross monthly resources are $ _1251o.67_.

Reasonable cost, based upon 9% of *CHARLES EDWARD WILLIAMS III's* gross monthly resources is $ _113.00_ .

*CHARLES EDWARD WILLIAMS III* is obligated to provide support for the following:

(A)    The number of children before the court is _1_ .

(B)    The number of minor children not before the court residing in the same household with *CHARLES EDWARD WILLIAMS III* is _0_ .

(C)    The number of children not before the court for whom *CHARLES EDWARD WILLIAMS III* is obligated by a court order to provide **medical support**, and who are not counted under Paragraph (A) or (B) is _0_ .

(D)    The number of children not before the court for whom *CHARLES EDWARD WILLIAMS III* is obligated by a court order to provide **child support**, including those counted in (C) above, and who are not counted under Paragraph (A) or (B) is _0_ .

*TIESHA LASHAY GAMBLE* provides health insurance coverage for _0_ other minor children.

### MEDICAL SUPPORT

(MORE THAN ONE OPTION MAY BE APPROPRIATE)

☐  1.    Health insurance is available or is in effect for the child through the following parent's employment or membership in a union, trade association, or other organization at a reasonable cost to *CHARLES EDWARD WILLIAMS III*:
☐ *TIESHA LASHAY GAMBLE* at an actual cost of $ _____ per month.
☐ *CHARLES EDWARD WILLIAMS III* at an actual cost of $ _____ per month.

☐  2.    Health insurance is not available under option #1, or good cause exists to vary from #1, and health insurance is available to the following parent from another source at a reasonable cost to *CHARLES EDWARD WILLIAMS III*:
☐ *TIESHA LASHAY GAMBLE* at an actual cost of $ _____ per month.
☐ *CHARLES EDWARD WILLIAMS III* at an actual cost of $ _____ per month.

☒  3.    No parent has access to private health insurance at a reasonable cost or good cause exists to vary from #1 or #2.

☐  4.    Notwithstanding the findings made above, it is FOUND that good cause exists to deviate from the statutory priorities in ordering health insurance for the following reason(s):

_____

_____

_____

_____

It is further FOUND that the following orders regarding health insurance are in the best interest of the child.

CHILD SUPPORT REVIEW ORDER (SAPCR-AOP)                    PAGE _15_ OF _28_

## CHILD SUPPORT GUIDELINE FINDINGS

It is FOUND that, pursuant to Texas Family Code §154.130:

(1)    the net resources of *CHARLES EDWARD WILLIAMS III* per month are $ 10164.12

(2)    the net resources of *TIESHA LASHAY GAMBLE* per month are $ 0 ;

(3)    the percentage applied to *CHARLES EDWARD WILLIAMS III's* net resources for child support is 20 %; and

(4)    if applicable, the specific reasons that the amount of child support per month ordered by the court varies from the amount computed by applying the percentage guidelines under §§154.125 or 154.129 as applicable.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Certified Document Number: 70652716 - Page 16 of 28

## GOVERNMENT MEDICAL ASSISTANCE PROGRAM OR HEALTH PLAN

*TIESHA LASHAY GAMBLE* is ORDERED to apply, within 15 days after entry of this order, on behalf of the child for participation in a government medical assistance program or health plan. Upon enrollment, *TIESHA LASHAY GAMBLE* is ORDERED to maintain such health coverage in full force and effect for any child, subject of this suit, by paying any and all applicable fees required for the coverage, including but not limited to, enrollment fees, and premiums until the first of the following events occurs for the child:

1. the child reaches the age of eighteen years or graduates from high school, whichever occurs later, subject to the provisions for support beyond the age of eighteen years set out below;

2. the child marries;

3. the child dies;

4. the child enlists in the armed forces of the United States and begins active service as defined by section 101 of title 10 of the United States Code; or

5. the child's disabilities are otherwise removed for general purposes.

If the child is eighteen years of age and has not graduated from high school, IT IS ORDERED that this obligation shall not terminate but shall continue for as long as the child is enrolled

1. under chapter 25 of the Texas Education Code in an accredited secondary school in a program leading toward a high school diploma or under section 130.008 of the Education Code in courses for joint high school and junior college credit and is complying with the minimum attendance requirements of subchapter C of chapter 25 of the Education Code or

2. on a full-time basis in a private secondary school in a program leading toward a high school diploma and is complying with the minimum attendance requirements imposed by that school.

*TIESHA LASHAY GAMBLE* is ORDERED to furnish *CHARLES EDWARD WILLIAMS III* and the Office of the Attorney General Child Support Division, a true and correct copy of the health insurance policy or certification and a schedule of benefits within 30 days following the signing of this order.

*TIESHA LASHAY GAMBLE* is ORDERED to furnish *CHARLES EDWARD WILLIAMS III* the insurance cards and any other forms necessary for use of the insurance within 30 days following the signing of this order.

*TIESHA LASHAY GAMBLE* is ORDERED to provide, within three days of receipt by her, to *CHARLES EDWARD WILLIAMS III* any insurance checks, other payments, and/or explanations of benefits relating to any medical expenses for the child that *CHARLES EDWARD WILLIAMS III* incurred or paid.

Certified Document Number: 70652716 - Page 17 of 28

## CASH MEDICAL SUPPORT

Pursuant to Texas Family Code §154.182(b)(3), *CHARLES EDWARD WILLIAMS III* is ORDERED to pay *TIESHA LASHAY GAMBLE* cash medical support, as additional child support, of $ 57.00 each month, beginning the 1st day of February, 2016, payable on or before the same day of each month thereafter until the earliest occurrence of one of the events specified below happens for every child, subject of this suit:

1.   the child reaches the age of eighteen years or graduates from high school, whichever occurs later, subject to the provisions for support beyond the age of eighteen years set out below;

2.   the child marries;

3.   the child dies;

4.   the child enlists in the armed forces of the United States and begins active service as defined by section 101 of title 10 of the United States Code; or

5.   the child's disabilities are otherwise removed for general purposes.

If the child is eighteen years of age and has not graduated from high school, IT IS ORDERED that the obligation to pay medical support for that child shall not terminate but shall continue for as long as the child is enrolled

1.   under chapter 25 of the Texas Education Code in an accredited secondary school in a program leading toward a high school diploma or under section 130.008 of the Education Code in courses for joint high school and junior college credit and is complying with the minimum attendance requirements of subchapter C of chapter 25 of the Education Code or

2.   on a full-time basis in a private secondary school in a program leading toward a high school diploma and is complying with the minimum attendance requirements imposed by that school.

*CHARLES EDWARD WILLIAMS III* is allowed to discontinue payment of cash medical support, for the period of time *CHARLES EDWARD WILLIAMS III* is providing coverage if:

(1) health insurance for the children becomes available to *CHARLES EDWARD WILLIAMS III* at a reasonable cost; and

(2) *CHARLES EDWARD WILLIAMS III* enrolls the child in the insurance plan; and

(3) *CHARLES EDWARD WILLIAMS III* provides *TIESHA LASHAY GAMBLE*, and the Office of the Attorney General, the Title IV-D agency, the information required under Texas Family Code §154.185.

## NO CREDIT FOR INFORMAL PAYMENTS

*CHARLES EDWARD WILLIAMS III* is ORDERED to pay all cash medical support, if ordered, through the registry prescribed in this decree, and any direct payments or any expenditures incurred during periods of possession shall be deemed in addition to and not in lieu of the medical support ordered herein.

Certified Document Number: 70652716 - Page 18 of 28

## ADDITIONAL HEALTH CARE EXPENSES

Pursuant to Texas Family Code §154.183(c), additional healthcare expenses to be allocated between the parties include the following:

(1) any reasonable and necessary health care expenses of the child, including vision and dental expenses, that are not reimbursed by insurance; and

(2) any amounts paid by either party as deductibles or copayments for health care services for the child.

Additional health care expenses of the child are allocated as follows:

*TIESHA LASHAY GAMBLE* is ORDERED to pay __50__% and *CHARLES EDWARD WILLIAMS III* is ORDERED to pay __50__% of the total health care expenses that exceed the amount of cash medical support ordered.

If the cash medical support is discontinued pursuant to the "**CASH MEDICAL SUPPORT**" provision because *CHARLES EDWARD WILLIAMS III* obtains health insurance for the child, *CHARLES EDWARD WILLIAMS III* shall be responsible for 100% of the child's total health care expenses incurred in any month in which he neither pays the cash medical support nor provides health care coverage for the child.

The party who incurs a health care expense on behalf of the child is ORDERED to submit to the non-incurring party(ies) all forms, receipts, bills, and statements reflecting the health care expenses within 30 days after he or she receives them. The party shall itemize those expenses for which payment or reimbursement is sought. Each non-incurring party who is also a parent is ORDERED to pay his or her share or percentage of the health care expenses either by paying the health care provider directly or by reimbursing the incurring party within 30 days after the non-incurring party receives the forms, receipts, bills, or statements.

## WARNING

**A parent ordered to provide health insurance, or to pay additional child support for the cost of health insurance who fails to do so is liable for 100% of necessary medical expenses of the child, without regard to whether the expenses would have been paid if health insurance had been provided, and the cost of health insurance premiums or contributions, if any, paid on behalf of the child.**

Certified Document Number: 70652716 - Page 19 of 28

CHILD SUPPORT REVIEW ORDER (SAPCR-AOP)                           PAGE 19 of 28

## CURRENT CHILD SUPPORT

*CHARLES EDWARD WILLIAMS III* is ORDERED to pay *TIESHA LASHAY GAMBLE* current child support of $ __215.00__ each month beginning the __1st__ day of __February, 2016__, payable on or before that date and on or before the same day of each month thereafter until the first month following the date of the earliest occurrence of one of the events specified below:

1. any child reaches the age of eighteen years or graduates from high school, whichever occurs later, subject to the provisions for support beyond the age of eighteen years set out below;
2. any child marries;
3. any child dies;
4. any child enlists in the armed forces of the United States and begins active service as defined by sections 101 of title 10 of the United States Code; or
5. any child's disabilities are otherwise removed for general purposes.

If a child is eighteen years of age and has not graduated from highschool, IT IS ORDERED that the obligation to pay child support for that child shall not terminate but shall continue for as long as the child is enrolled:

1. under chapter 25 of the Texas Education Code in an accredited secondary school in a program leading toward a high school diploma or under section 130.008 of the Education Code in courses for joint high school and junior college credit and is complying with the minimum attendance requirements of subchapter C of chapter 25 of the Education Code, or

2. on a full-time basis in a private secondary school in a program leading toward a high school diploma and is complying with the minimum attendance requirements imposed by that school.

## NO CREDIT FOR INFORMAL PAYMENTS

*CHARLES EDWARD WILLIAMS III* is ORDERED to pay all child support through the registry prescribed in this decree, and any direct payments by him or any expenditures incurred during his periods of possession shall be deemed in addition to and not in lieu of the child support ordered herein.

Certified Document Number: 70652716 - Page 20 of 28

**RETROACTIVE CHILD SUPPORT as to CHARLES EDWARD WILLIAMS III**

It is FOUND that retroactive child support should be ordered for the period between _1-12-2015_ and _1-12-2016_ in the amount of $ _10,320.00_ , as of _1-12-2016_ , and that the retroactive child support is assigned to the ATTORNEY GENERAL OF TEXAS pursuant to Texas Family Code Chapter 231.

A judgment is GRANTED against *CHARLES EDWARD WILLIAMS III* and in favor of the ATTORNEY GENERAL OF TEXAS in the amount of $ _10,320.00_ , with interest as provided by the law of the State of Texas, at the rate of 6% per annum for collection and distribution according to law.

*CHARLES EDWARD WILLIAMS III*, the Obligor, is ORDERED to pay said child support judgment by paying $ _100.00_ each month beginning the _1st_ day of _February_ , _2016_ on or before that date and on or before the same date of each month thereafter until the arrearage is paid in full, or on the termination of current support for any child the subject of this suit.

If *CHARLES EDWARD WILLIAMS III* has not paid the judgment in full by the date his current child support obligation ends, *CHARLES EDWARD WILLIAMS III* is ORDERED to pay the remainder of said judgment by paying $ _315.00_ each month on or before the same day of each month until the arrearage is paid in full. The withholding order authorized herein shall include such payments, but nothing herein shall prohibit the use of other collection methods authorized by law. The court's order setting payments on a child support judgment or on a medical support judgment does not preclude or limit the use of any other means for enforcement of the judgment.

Certified Document Number: 70652716 - Page 21 of 28

**RETROACTIVE MEDICAL SUPPORT as to CHARLES EDWARD WILLIAMS III**

It is FOUND that no retroactive medical support should be granted.

Certified Document Number: 70652716 - Page 22 of 28

## INCOME WITHHOLDING

Pursuant to Texas Family Code Chapter 158, any employer of *CHARLES EDWARD WILLIAMS III*, current or subsequent, is ORDERED to withhold income from the disposable earnings of *CHARLES EDWARD WILLIAMS III* for the child's support as set out in the ORDER/NOTICE TO WITHHOLD INCOME FOR CHILD SUPPORT. Any income withheld from *CHARLES EDWARD WILLIAMS III*'s disposable earnings for child support and paid according to this order shall be credited against his child support obligation, but shall not discharge any of his child support obligation that exceeds the amount so credited.

It is FOUND *CHARLES EDWARD WILLIAMS III* is liable for all court ordered child support, regardless of the amounts withheld by any employer or entity, and *CHARLES EDWARD WILLIAMS III* is ORDERED to pay any court ordered child support not withheld by any employer or entity directly to the Texas Child Support Disbursement Unit as ordered.

The Clerk of the Court is ORDERED, upon request, to cause a certified copy of the ORDER/NOTICE TO WITHHOLD INCOME FOR CHILD SUPPORT, with a copy of Texas Family Code Chapter 158 attached, to be delivered to *CHARLES EDWARD WILLIAMS III*'s employer.

*CHARLES EDWARD WILLIAMS III* is ORDERED to provide any subsequent employer with a copy of the ORDER/NOTICE TO WITHHOLD INCOME FOR CHILD SUPPORT.

## PAYMENT OF SUPPORT AND COSTS

*CHARLES EDWARD WILLIAMS III* is ORDERED to pay all support through the registry of the court:

Texas Child Support Disbursement Unit
P O Box 659791
San Antonio, TX 78265-9791

for distribution according to law. All payments shall be identified by:

Obligor name *CHARLES EDWARD WILLIAMS III*,
Obligee name *TIESHA LASHAY GAMBLE*,
ATTORNEY GENERAL OF TEXAS case number *0012794413*,
cause number _____, and
the date on which the withholding occurred.

*CHARLES EDWARD WILLIAMS III* is ORDERED to pay court costs AS BILLED to the District Clerk of *HARRIS* County, Texas on or before the 30th day of June , 2016 directly to:

CHRIS DANIEL
P O BOX 4651
HOUSTON, TX 77210-4651

CHILD SUPPORT REVIEW ORDER (SAPCR-AOP)                          PAGE 23 OF 26

Certified Document Number: 70652716 - Page 23 of 28

## STATUTORY WARNINGS

FAILURE TO OBEY A COURT ORDER FOR CHILD SUPPORT OR FOR POSSESSION OF OR ACCESS TO A CHILD MAY RESULT IN FURTHER LITIGATION TO ENFORCE THE ORDER, INCLUDING CONTEMPT OF COURT. A FINDING OF CONTEMPT MAY BE PUNISHED BY CONFINEMENT IN JAIL FOR UP TO SIX MONTHS, A FINE OF UP TO $500 FOR EACH VIOLATION, AND A MONEY JUDGMENT FOR PAYMENT OF ATTORNEY'S FEES AND COURT COSTS.

FAILURE OF A PARTY TO MAKE A CHILD SUPPORT PAYMENT TO THE PLACE AND IN THE MANNER REQUIRED BY A COURT ORDER MAY RESULT IN THE PARTY NOT RECEIVING CREDIT FOR MAKING THE PAYMENT.

FAILURE OF A PARTY TO PAY CHILD SUPPORT DOES NOT JUSTIFY DENYING THAT PARTY COURT-ORDERED POSSESSION OF OR ACCESS TO A CHILD. REFUSAL BY A PARTY TO ALLOW POSSESSION OF OR ACCESS TO A CHILD DOES NOT JUSTIFY FAILURE TO PAY COURT-ORDERED CHILD SUPPORT TO THAT PARTY.

EACH PERSON WHO IS A PARTY TO THIS ORDER IS ORDERED TO NOTIFY EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY OF ANY CHANGE IN THE PARTY'S CURRENT RESIDENCE ADDRESS, MAILING ADDRESS, HOME TELEPHONE NUMBER, NAME OF EMPLOYER, ADDRESS OF EMPLOYMENT, DRIVER'S LICENSE NUMBER, AND WORK TELEPHONE NUMBER. THE PARTY IS ORDERED TO GIVE NOTICE OF AN INTENDED CHANGE IN ANY OF THE REQUIRED INFORMATION TO EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY ON OR BEFORE THE 60TH DAY BEFORE THE INTENDED CHANGE. IF THE PARTY DOES NOT KNOW OR COULD NOT HAVE KNOWN OF THE CHANGE IN SUFFICIENT TIME TO PROVIDE 60-DAY NOTICE, THE PARTY IS ORDERED TO GIVE NOTICE OF THE CHANGE ON OR BEFORE THE FIFTH DAY AFTER THE DATE THAT THE PARTY KNOWS OF THE CHANGE.

THE DUTY TO FURNISH THIS INFORMATION TO EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY CONTINUES AS LONG AS ANY PERSON, BY VIRTUE OF THIS ORDER, IS UNDER AN OBLIGATION TO PAY CHILD SUPPORT OR ENTITLED TO POSSESSION OF OR ACCESS TO A CHILD.

FAILURE BY A PARTY TO OBEY THE ORDER OF THIS COURT TO PROVIDE EACH OTHER PARTY, THE COURT AND, THE STATE CASE REGISTRY WITH CHANGE IN THE REQUIRED INFORMATION MAY RESULT IN FURTHER LITIGATION TO ENFORCE THE ORDER, INCLUDING CONTEMPT OF COURT. A FINDING OF CONTEMPT MAY BE PUNISHED BY CONFINEMENT IN JAIL FOR UP TO SIX MONTHS, A FINE OF UP TO $500 FOR EACH VIOLATION, AND A MONEY JUDGMENT FOR PAYMENT OF ATTORNEY'S FEES AND COURT COSTS.

## COMPANION NOTICE

IT IS ORDERED that each conservator of a child, subject to this Order, has the duty to inform and shall inform the other conservator of the child if he or she marries, intends to marry, or resides for at least 30 days with another person (1) he or she knows is registered as a sex offender under Chapter 62, Texas Code of Criminal Procedure, or (2) who is charged with an offense for which on conviction that person would be required to register under Chapter 62. Such Notice must be given as soon as practicable, but not later than the 40th day after the conservator of the child begins to reside with such person, or not later than the 10th day after the date of the marriage to such a person. The Notice must include a description of the offense that is the basis of the person's requirement to register as a sex offender or the offense with which the person is charged. Failure to provide this Notice as ordered herein is a Class C misdemeanor.

CHILD SUPPORT REVIEW ORDER (SAPCR-AOP)                    PAGE 24 OF 26

## NOTICE TO THE STATE CASE REGISTRY

As is required by the preceding section, any change of a party's residential address, mailing address, home telephone number, name of employer, address of employment, driver's license number, and work telephone number are to be reported by mail to the:

State Case Registry
Contract Services Section
MC 046S
P.O. Box 12017
Austin, TX 78711-2017

in addition to reporting the change(s) to the other parties and the Court.

## REVIEW

Pursuant to 42 USC 666(a)(10), a parent subject to a child support order, at least every three years, has the right to request a review of the ordered child support amounts by contacting the CHILD SUPPORT DIVISION of the ATTORNEY GENERAL OF TEXAS.

THE COURT MAY MODIFY THIS ORDER THAT PROVIDES FOR THE SUPPORT OF A CHILD, IF:

1.  THE CIRCUMSTANCES OF THE CHILD OR A PERSON AFFECTED BY THE ORDER HAVE MATERIALLY AND SUBSTANTIALLY CHANGED; OR

2.  IT HAS BEEN THREE YEARS SINCE THE ORDER WAS RENDERED OR LAST MODIFIED AND THE MONTHLY AMOUNT OF THE CHILD SUPPORT AWARD UNDER THE ORDER DIFFERS BY EITHER 20 PERCENT OR $100 FROM THE AMOUNT THAT WOULD BE AWARDED IN ACCORDANCE WITH THE CHILD SUPPORT GUIDELINES.

## AGREED ORDER REQUIREMENTS

For all parties agreeing to this order, an APPROVAL OF CHILD SUPPORT REVIEW ORDER and WAIVER OF SERVICE AND HEARING is included in this order.

Certified Document Number: 70652716 - Page 25 of 28

## INFORMATION PURSUANT TO TEXAS FAMILY CODE § 105.006

Court:                          *257 TH JUDICIAL COURT HARRIS* County, Texas

Cause Number:

### PRIMARY JOINT MANAGING or MANAGING CONSERVATOR / OBLIGEE INFORMATION:

Name:                           *TIESHA LASHAY GAMBLE*

Residence Address:              ........................
                                ........................
                                ........................
                                ........................

Mailing Address (if different):

Social Security Number:         xxx-xx-....

Driver License Number:          xxxxx....

Home Phone:                     (...)...-...

Employer:                       ........................

Employment Address:             ........................
                                ........................
                                ........................
                                ........................

Work Phone:                     (...)..-... x...

### JOINT MANAGING or POSSESSORY CONSERVATOR / OBLIGOR INFORMATION:

Name:                           *CHARLES EDWARD WILLIAMS III*

Residence Address:              *5500 DE SOTO ST APT 1920*
                                *HOUSTON TX 77091-3650-95*

Mailing Address (if different):

Social Security Number:         xxx-xx-3806

Driver License Number:          xxxxx735

Home Phone:

Employer:

Employment Address:

Work Phone:

Expected termination date of obligation to pay child support and of orders for possession of, or access to, a child (date of expected emancipation of all minors):

The Court:
[x] has
[_] has not
ordered that special restrictions be placed on the distribution of this information pursuant to Texas Family Code § 105.006(c), to wit:

CHILD SUPPORT REVIEW ORDER (SAPCR-AOP)                    PAGE 26 OF 28

Certified Document Number: 70652716 - Page 26 of 28

## NONDISCLOSURE FINDING

☐ It is FOUND, pursuant to Texas Family Code § 105.006(c), that disclosure of information required by Texas Family Code §§ 105.006(a), (c) is likely to cause _____ or the child(ren) harassment, abuse, serious harm or injury. Therefore, it is ORDERED that _____ and the child(ren)'s addresses and other identifying information not be disclosed. It is ORDERED that _____ is required to notify the State Case Registry of his/her current and future information required by Texas Family Code § 105.006(e).

It is ORDERED that any custodian of records, including but not limited to judicial clerks, medical offices, and school offices, must delete all references in the records to the place of residence of _____ or the child(ren) before the release of the records to another party appointed as conservator.

☒ It is FOUND, pursuant to Texas Family Code § 105.006(c), that disclosure of information required by Texas Family Code §§ 105.006(a), (c) is likely to cause TIESHA LASHAY GAMBLE or the child(ren) harassment, abuse, serious harm or injury by a non-party. Therefore, it is ORDERED that TIESHA LASHAY GAMBLE and the child(ren)'s addresses and other identifying information not be disclosed within the court order. However, it is ORDERED that TIESHA LASHAY GAMBLE is required to notify the other parties and the State Case Registry of his/her current and future information required by Texas Family Code § 105.006(e).

☐ It is FOUND, pursuant to Texas Family Code § 105.006(a), that disclosure of information required by Texas Family Code §§ 105.006(a), (c) will not cause the child or a conservator harassment, abuse, serious harm or injury, and disclosure of information must be included in the order.

Certified Document Number: 70652716 - Page 27 of 28

Issued on the 12th day of January, 2016.

_____
Child Support Review Officer
CHILD SUPPORT DIVISION

_____
TIESHA LASHAY GAMBLE, Obligee.

**NON AGREED CSRP**

_____
CHARLES EDWARD WILLIAMS III, Obligor

Approved:

_____
YOLANDA MARTIN RANDOLPH
SBN. 13124420

ATTORNEY OF RECORD
CHILD SUPPORT DIVISION
CHILD SUPPORT OFFICE
6161 SAVOY DR STE 420
HOUSTON TX 77036-3316
Email CSD-legal-615@texasattorneygeneral.gov
Telephone No. (713) 243-7100
Toll Free 1(800)252-8014
Fax No. (713) 787-2640

Signed this _____ day of _____, 20_____.

Signed:
6/3/2016
_____
ASSOCIATE JUDGE PRESIDING

Cause Number _____; HARRIS County, Texas

Certified Document Number: 70652716 - Page 28 of 28

CHILD SUPPORT REVIEW ORDER (SAPCR-AOP)

PAGE 28 OF 28



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   September 29, 2025

Certified Document Number:      70652716

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated**
**documents are valid. If there is a question regarding the validity of this document and or seal**
**please e-mail support@hcdistrictclerk.com**